## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Phenique Hayes,                                                    Case No. 3:10CV1098

          Plaintiff

    v.                                                          **ORDER**

Asset Recovery Management Group, Ltd., et al.,

          Defendants

        This is a suit by a person who was not liable on obligations owed by former residents, Vicki and Mack Hines, of plaintiff's home. Defendant Chase Auto Finance was a creditor as to a debt owed by Mack Hines.

        As to Chase, plaintiff's amended complaint alleges that an employee of defendant J.M. Adjustment Services, LLC, acting at the behest of Chase that it conduct a "field visit and door knock," left a note on plaintiff's door. Plaintiff opened the note, which instructed the recipient to call Thelma Sweeny from Chase.

        Plaintiff called the indicated number. Ms. Sweeny told plaintiff that she was looking for Mack Hines. Plaintiff told Ms. Sweeny that Mr. Hines did not live at the address. She also instructed Ms. Sweeney not to send anyone to her house.

        The amended complaint also alleges that Chase, either through its own employees or others acting at Chase's direction, "ordered" steps taken to ascertain whether Mack Hines had any contact with the premises. The amended complaint does not, however, allege that any of these "orders" resulted in further direct contact with the plaintiff, or that she was even aware of them or what might have been done in response to them.

As to all the remaining defendants, plaintiff objects to various collection efforts directed toward Vicki Hines on an obligation which she owed (and, apparently, which Mack Hines had co-signed). Plaintiff does not allege that Chase was the creditor on the underlying debt or played any role with regard to any efforts to collect that debt.

With regard to one of these other defendants, Americredit, the amended complaint alleges, as with Chase, but a single contact initiated by Americredit with the plaintiff. Namely, that an Americredit agent came to her home around 10 p.m. one evening. Plaintiff called the police, who told the man to leave. He did so.

Plaintiff does not allege that relationships existed between either Chase or Americredit and any other defendants that would give rise to derivative liability on the part of either of these defendants for the actions of any other defendant.

Chase moved to dismiss all claims. (Doc. 57). Americredit moved to dismiss plaintiff's federal, but not her state law claims. (Doc. 63).

In an order which discussed only the adequacy of plaintiff's federal and state statutory claims as to the two movants, I granted the motions. (Doc. 78). The order stated, however, that as to Chase all claims were dismissed.

During a subsequent status conference, in which Chase asked at the outset whether it had to participate or not, and was told that it need not participate because all claims as to it were dismissed, plaintiff's counsel later asked whether I might have inadvertently overlooked her state common law claims as to Chase.

This being apparently so, as I did not address any of the state common law claims in my dismissal order, plaintiff has filed a motion to clarify that order as to both Chase and Americredit. (Doc. 80).[1]

Plaintiff's state common law claims are for: invasion of privacy, nuisance, trespass and negligence. In her motion, plaintiff asks that I remand these common law claims as to Chase to the state courts. I decline to do so. Instead, I have considered the merits of the parties' arguments as to those claims, as contained in their original briefing re. Chase's motion to dismiss.

I conclude that plaintiff cannot prevail on any of her state common law claims against Chase.

With regard to plaintiff's claim that Chase tortiously invaded her privacy, she must prove an unwarranted intrusion into a private area, offensive or objectionable to the reasonable man. *See, e.g., LeCrone v. Ohio Bell Tel. Co.*, 120 Ohio App. 129, 131 (1963). As to Chase, no rational trier of fact could find that a single contact – the note on her door addressed to Mack Hines – and other efforts to ascertain whether he had any contact with the premises (about which plaintiff was unaware until discovery occurred in this case) was objectionable to a reasonable person.

---

[1] I acknowledge that, counsel for Chase, not participating in the status conference, as noted, should have been contacted and participated before I responded to the inquiry by plaintiff's counsel about the intended scope of my dismissal order. My failure to do so was inadvertent and unfortunate, and contrary to my practice of never engaging in any *ex parte* communications. Though technically procedural in nature, nonetheless further conversation should not have occurred in the absence of Chase's counsel. In light of the outcome, per this order, re. plaintiff's motion to clarify, Chase has not suffered prejudice. That ameliorates, but does not excuse the failure to have included its attorney in the conversation, brief as it was, about my possibly having overlooked plaintiff's state law claims when I decided its original motion to dismiss.

As to Americredit, there is nothing to clarify, as my dismissal order only granted relief as to the federal and state statutory claims, as to which alone Americredit sought and obtained dismissal. Plaintiff's state common law claims as to it, not having been challenged, remain pending. Chase alone having responded to plaintiff's motion to clarify, this order relates only to the state common law claims against it.

With regard to plaintiff's claim of nuisance:

> "'Nuisance'" is a term used to designate "the wrongful invasion of a legal right or interest." A "private nuisance" is a nontrespassory invasion of another's interest in the private use and enjoyment of land. In order for a private nuisance to be actionable, the invasion must be either (a) intentional and unreasonable or (b) unintentional but caused by negligent, reckless, or abnormally dangerous conduct.

*Bracket v. Moler Raceway Park, L.L.C.,* 2011 WL 3891491, *1 (Ohio App.) (citations omitted).

No rational trier of fact could find for plaintiff as to her claim of nuisance, as the mere leaving of a note or asking others to do something of which she is unaware simply is not, as a matter of law "negligent, reckless, or abnormally dangerous conduct."

With regard to the tort of trespass:

> Intentional trespassers are within that class of less-favored wrongdoers. For example, under the Restatement of Torts 2d, intentional conduct is an element of trespass: "One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in the possession of the other or causes a thing or a third person to do so.

*Baker v. Shymkiv*, 6 Ohio St.3d 151, 153 (1983) (footnote omitted).

To prevail on a claim of trespass, the plaintiff must show that the defendant's actions were not authorized. *See, e.g., Morgan v. Charvat* 2009 WL 3401733, *2 (Ohio App.).

Here plaintiff alleges that an employee of J.M. Adjustment, acting in response to a request by Chase to conduct a "field visit and door knock" at the premises, taped the note on her door. Plaintiff does not allege, however, that that individual intended to commit a trespass.

Finally, plaintiff's generalized and conclusory claim of negligence is insufficient to state a cause of action. She alleges no specific acts of negligence by Chase or any injuries proximately caused by any such acts. Such conclusory allegations do not pass muster under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see Branham v.*

4

*Dolgencorp, Inc.,* 2009 WL 2604447, *2 (W.D. Va.) (applying *Iqbal* standard to dismiss slip-and-fall negligence complaint because it failed to allege "facts that show how the liquid came to be on the floor, whether the Defendant knew or should have known of the presence of the liquid, or how the Plaintiff's accident occurred").

### Conclusion

For the foregoing reasons, I grant plaintiff's motion to clarify my earlier order dismissing all claims as to Chase, but doing so inadvertently and without having addressed the adequacy of plaintiff's state common law causes of action. On review of the briefs as to Chase's motion to dismiss, I conclude that plaintiff's complaint is insufficient as to each of those claims.

It is, accordingly,

ORDERED THAT:

1.      The order of August 12, 2011 (Doc. 78), be and the same hereby is vacated insofar as that order by its own terms purported to dismiss plaintiff's state common law claims against defendant Chase Auto Finance; and

2.      Plaintiff's state common law claims as to defendant Chase Auto Finance be, and the same hereby are dismissed;.

So ordered.


                                            /s/ James G. Carr
                                            Sr. United States District Judge